IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00267-EWN-MEH

WASON RANCH CORPORATION,

      Plaintiff,
v.

HECLA MINING COMPANY, a Delaware corporation;
HOMESTAKE MINING COMPANY OF CALIFORNIA, a California corporation; and
CHEVRON USA, INC.; a Pennsylvania corporation, individually, as parent, and as successor in interest to Chevron Resources Company, a division of Chevron Industries, Inc.;

      Defendants.

---

**RECOMMENDATION ON THE STIPULATED MOTION
TO EXTEND DISPOSITIVE MOTIONS DEADLINE**

---

Before the Court is the parties' Stipulated Motion to Extend Dispositive Motions Deadline [Docket #21]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** in part and **deny** in part the Stipulated Motion.

The parties seek a much longer discovery period in this case, and therefore, an extension of the dispositive motion deadline due to the complexity of this case. Plaintiff's claims are brought under the Resource Conservation and Recovery Act of 1976 ("RCRA") and the Clean Water Act ("CWA"). The claims involve the alleged discharge of waste and other pollutants into Willow Creek. All parties agree that significant expert work is necessary to address these claims. In addition, Defendants have filed a Motion to Stay Discovery based on their pending Motion to Dismiss. Defendants argue that Plaintiff has not provided the proper per-suit notice, which requires allegations of specific violations, and cannot provide such notice, because no violations occurred. Plaintiff

argues that the pre-suit notice at issue is sufficient.

Although the Court has not ruled on the Motion to Stay, all parties recognize that significant testing and expert involvement will be necessary if the case survives the Motion to Dismiss. Due to the significant expert involvement and testing required in this case, the undersigned judge believes some extension of the deadline is warranted, though not as long as the parties have requested. The undersigned judge believes that one year is appropriate for discovery, or May 10, 2008, and therefore, RECOMMENDS that the dispositive motion deadline be changed to one month later than the discovery cut-off, or **June 10, 2008**.

Accordingly, for the reasons stated above, the Court RECOMMENDS that parties' Stipulated Motion to Extend Dispositive Motions Deadline [Filed May 3, 2007; Docket #21] be **granted in part and denied in part**. Specifically, the Court recommends that the dispositive motion deadline be extended to June 10, 2008. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 10th day of May, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge