IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00267-EWN-MEH

WASON RANCH CORPORATION,

      Plaintiff,

v.

HECLA MINING COMPANY, a Delaware corporation;
HOMESTAKE MINING COMPANY OF CALIFORNIA, a California corporation; and
CHEVRON USA, INC.; a Pennsylvania corporation, individually, as parent, and as successor in interest to Chevron Resources Company, a division of Chevron Industries, Inc.;

      Defendants.

_____

**ORDER ON DEFENDANTS' MOTION TO STAY**
_____

Before the Court is Defendants' Motion to Stay Discovery Pending a Ruling on Motions to Dismiss [Docket #19]. The matter is briefed and has been referred to this Court [Docket #20]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion to Stay.

**I.    Facts**

Plaintiff brings this action as a citizen suit under the Resource Conservation and Recovery Act of 1976, as amended ("RDRA"), and the Federal Water Pollution Control Act, or Clean Water Act ("CWA"). Plaintiff alleges that Defendants have discharged pollutants from mining operations into the Willow Creek and its tributaries without a valid permit.

Before bringing suit, Plaintiff is required to comply with the notice requirements of both statutes. Failure to do so divests this Court of jurisdiction over the suit. Defendants argue that Plaintiff has not met the notice requirements and, in fact, cannot meet the notice requirements.

Defendants also contend that discovery in this case will be extensive and, therefore, burdensome. For these reasons, Defendants seek a stay of all proceedings until their Motions to Dismiss have been ruled on. In response, Plaintiff argues that it has followed the guidelines under which the previous case was dismissed, resulting in a proper pre-suit notice. Plaintiff further asserts that a stay is not warranted, because Defendants' Motions to Dismiss are based solely on the jurisdictional issue of pre-suit notice, which can be cured, rather than the merits of Plaintiff's claims.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

In determining whether a stay is appropriate, the courts generally consider the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending . . . litigation.

*Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).  In applying these factors, the Court considers the appropriateness of a stay here a close question.

First, Plaintiff seeks to proceed with litigation on the basis that these claims will proceed one day, even if not in this lawsuit.  Plaintiff claims prejudice by the continual delay of the relief it seeks.  Plaintiff also argues that prejudice is inherent and should be assumed.  Conversely, Defendants argue that future litigation should never be the basis for denying a stay, and that Plaintiff can articulate no actual prejudice by the delay. While Plaintiff has not articulated any prejudice, the Court cannot ignore Plaintiff's right to proceed expeditiously with litigation, unless such efforts would be futile.

Second, Defendants assert that the extensive discovery, including testing and the use of experts, places a significant burden on them if this case could be resolved on the basis of jurisdiction.  While Plaintiff contends that Defendants have not sufficiently explained their undue burden, both parties agree that discovery in this case will be extensive and have mutually sought an extension of the dispositive motion deadline.  In fact, no party suggests that this case is simple or that it can be resolved on the merits without significant cost.  Thus, the Court recognizes the burden placed on Defendants in continuing with discovery.

Neither party directly addressed the third factor, judicial economy.  On this factor, the Court finds that a stay is not an efficient use of judicial resources.  Importantly, Defendants' Motions to Dismiss do not address the merits of the action, and although the possibility of future litigation is not a concern the Court will consider, dismissal of this lawsuit on the basis Defendants have requested will not preclude future litigation.  This distinguishes this case from *Namoko v. Milgard Mfg., Inc.*, No. 06-2031, 2007 U.S. Dist. LEXIS 25880 (D. Colo. Apr. 6, 2007), in which the dismissal based

on timeliness resulted in the claims being barred. Moreover, Plaintiff has filed an Amended Complaint with state law claims that Defendants have agreed need not be answered until after a ruling has issued on the pending Motions to Dismiss. Thus, the Court does not believe that a favorable ruling for Defendants on the pending Motions to Dismiss will resolve this case in such a manner that would support a stay of discovery until that time.

On the fourth and fifth factors, the parties have also not provided any arguments either in favor or against a stay. Balancing all factors presented, the Court finds that a stay of discovery is not appropriate. Nevertheless, the Motions to Dismiss are nearly briefed, and the parties are encouraged to consider limiting extensive discovery until the motions are resolved. A formal stay, however, is not appropriate.

### III.  Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery Pending a Ruling on Motions to Dismiss [Filed April 27, 2007; Docket #19] is **denied**.

Dated at Denver, Colorado, this 6th day of June, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge