IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00267-EWN-MEH

WASON RANCH CORPORATION,

 Plaintiff,
v.

HECLA MINING COMPANY, a Delaware corporation,
HOMESTAKE MINING COMPANY OF CALIFORNIA, a California corporation,
CHEVRON USA, INC., a Pennsylvania corporation, individually, as parent, and as successor in interest to Chevron Resources Company, a division of Chevron Industries, Inc., and
TY POXSON, an Individual,

 Defendants.
_____

**ORDER ON MOTION TO EXTEND DEADLINE TO DESIGNATE RESPONSIBLE
NON-PARTIES UNDER C.R.S. § 13-21-111.5**
_____

  Before the Court is Defendant Hecla Mining Company ("Hecla")'s Motion to Supplement its Designation of Responsible Non-Parties Pursuant to C.R.S. § 13-21-111.5. Dock. #126. This matter has been referred to this Court for resolution. Dock. #127. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Supplement.

**I. Background**

  Plaintiff brings this action as a citizen suit under the Resource Conservation and Recovery Act of 1976, as amended, the Federal Water Pollution Control Act, or Clean Water Act, and also asserts state law claims against Defendant Hecla. Plaintiff alleges that Defendants have discharged pollutants from mining operations into the Willow Creek and its tributaries, which have caused damage to its property. Defendant Hecla previously sought an extension of time in which to designate responsible

non-parties due to its need to conduct discovery regarding the history of ownership of the Commodore Mine site. Dock. #84. Hecla was given until November 19, 2007, to make any such designation. Dock. #100. On December 3, 2007, Defendant Hecla submitted a request for information to the Environmental Protection Agency ("EPA"). Hecla argues that it learned from documents received from the EPA in response to this request that the Colorado Division of Mines and Geology ("CDMG") addressed the potential of a washout in west Willow Creek prior to the washout in 2005 that is at issue in this case. Based on the information received, Hecla seeks to supplement its designation of responsible non-parties to include CDMG.

Plaintiff objects to this designation based in part on the fact that Hecla did not submit a requests for these documents until after the extended deadline for designation of non-parties had passed. Plaintiff contends that Hecla has not met the excusable neglect standard for failure to seek an extension prior to the deadline as set forth in Fed. R. Civ. P. 6(b). Plaintiff also argues that Hecla cannot establish good cause for waiting this late to make this designation. Plaintiff further contends that it will be prejudiced by this designation, because it will be forced to conduct discovery to determine CDMG's level of involvement. In reply, Defendant Hecla argues that the excusable neglect standard does not apply to deadlines set by statute, that it does not object to any third-party discovery Plaintiff believes is necessary, and that Hecla filed this Motion as soon as it learned of the activities of CDMG.

**II. Discussion**

Defendant Hecla contends that the excusable neglect standard does not apply to this Motion, because the time frame for designating responsible non-parties is set by statute. Defendant's distinction is arguably correct under the previous version of the Federal Rules of Civil Procedure,

2

because Rule 6(b) applied to circumstances in which "by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time." Fed. R. Civ. P. 6(b) (West 2007). As of December 1, 2007, the Federal Rules of Civil Procedure have been amended, and, while most of the changes affect only the format of the rules, the scope of Rule 6(b) has been broadened or at least clarified[1] to apply "when an act may or must be done within a specified time." Fed. R. Civ. P. 6(b) (West 2008). Defendant's distinction is further displaced by the fact that the extended deadline for designating responsible non-parties was set by Order of this Court. Dock. #100. Accordingly, even under Defendant's parsing of the former Rule 6(b), Defendant must establish excusable neglect for seeking a supplementation after a deadline set by a court order has expired.

Excusable neglect requires Defendant to demonstrate good faith for the request and a reasonable basis for not complying within the specified period. *Four Seasons Secs. Law Litig. v. Bank of Am.*, 493 F.2d 1288, 1290 (10th Cir. 1974). A finding of excusable neglect is appropriate if Defendant's late supplementation is due to "mistake, inadvertence or carelessness and not to bad faith." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995). Whether the neglect is "excusable" depends upon the circumstances surrounding the failure, such as (1) any prejudice to the nonmoving party, (2) the length of delay and its affect on the judicial proceedings, and (3) the reason for the delay. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). The reason for delay, including whether the moving party acted in good faith and

---

[1] The Advisory Committee Notes for the 2007 amendment state that the changes in wording "are intended to be stylistic only." Fed. R. Civ. P. 6(b) advisory committee's note. Even so, both the prior and current versions of Rule 6(a) refer to deadlines set by statute, which, read in conjunction with Rule 6(b), support the conclusion that the excusable neglect standard should be applied to extending all deadlines after the deadline has passed.

whether the moving party was in control of the circumstances surrounding the delay, is the most relevant portion of this inquiry. *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). At its heart, "[t]he determination whether a party's conduct constitutes 'excusable neglect' is an equitable one that requires a court to consider all relevant circumstances." *Rittmaster v. PaineWebber Group, Inc. (In re Paine Webber Ltd. P'ships Litig.)*, 147 F.3d 132, 134 (2d Cir. 1998).

Here, Defendant meets the factors listed above for excusable neglect. As the Court has previously stated, Plaintiff is not prejudiced simply because the deadline for joinder of parties and amendment of pleadings has passed. Dock. #100 at 2. In addition, fact discovery does not close until May 10, 2008, although a stay of discovery has been issued. Dock. #124. The stay was entered to alleviate the need for Defendants to submit expert reports at that time, and allowing Plaintiff to conduct third-party discovery will not affect the purpose of the stay. Further, Plaintiff cites to no delay in proceedings that will be caused by this designation, given the fact that the discovery deadlines have not yet passed.

Finally, Defendant states that it has not been involved in mining activities in this area and had no reason to know whether CDMG conducted any activities in that area until it received documents from the EPA. Even so, Defendant did not request the relevant documents until after the deadline for designation of non-parties. Defendant does not explain why it did not request these documents prior to December, choosing instead to argue that the timing of its request is irrelevant. Nevertheless, Defendant does contend that it was investigating "100-plus years of mining operations" when it stumbled upon this information and that it brought this Motion as soon as it learned of CDMG's potential responsibility. Reply at 3. Although Defendant could have provided a better explanation

4

for its timing, the fact that Defendant needed to investigate such a significant time frame weighs in favor of a finding of excusable neglect in this case, particularly in light of the fact that the Court can find no prejudice to Plaintiff at this stage of the litigation.

Based on the preceding analysis, the Court also finds that it is necessary pursuant to Colo. Rev. Stat. § 13-21-111.5 to allow the supplemental designation. Moreover, Plaintiff has not challenged the sufficiency of this designation.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant Hecla Mining Company's Motion to Supplement its Designation of Responsible Non-Parties Pursuant to C.R.S. § 13-21-111.5 [Filed February 13, 2008; Docket #126] is **granted**. Defendant shall supplement its Designation of Non-parties to include CDMG, as stated in Exhibit A to its Motion, on or before March 28, 2008. Plaintiff may conduct any third-party discovery necessary based on this designation.

Dated at Denver, Colorado, this 24th day of March, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge